UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THOMAS HUMPHRIES (#494920)**                               CIVIL ACTION

**VERSUS**

**FRANK ROSSO, ET AL.**                                       NO. 11-0783-BAJ-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, February 1, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THOMAS HUMPHRIES (#494920)**                                    **CIVIL ACTION**

**VERSUS**

**FRANK ROSSO, ET AL.**                                           **NO. 11-0783-BAJ-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Supervisor Frank Rosso, Warden Burl Cain and Secretary James LeBlanc, alleging that his constitutional rights were violated on May 26, 2010, when he sustained injury when his hand was caught in machinery while he was performing his assigned prison job. He complains that this accident occurred because of the defendants' deliberate indifference to his health and safety, specifically through their failure to provide proper training and safety precautions in connection with the the use of the referenced machinery.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

The plaintiff alleges in his Complaint that on May 26, 2010, he was performing his assigned job at LSP and was operating a hydraulic press machine at the LSP "Tag Plant", which is a facility run by Prison Enterprises, a state agency that provides employment to inmates at the prison. The plaintiff alleges that on the morning of that date, he observed a shim or small piece of metal inside the machine and instructed a co-worker to stop the machine so that he could reach his hand in to remove it. As he then did so, however, the hydraulic press activated and came down to sever parts of two of the fingers of his right hand. The plaintiff asserts that he was taken to the prison infirmary and, from there, to the Earl K. Long Hospital in Baton Rouge, Louisiana. He complains, however, that physicians at EKL were unable to re-attach his fingers because "medical staff at Angola had done nothing to preserve" them. By reference to an administrative grievance which the plaintiff filed relative to this claim, a copy of which is attached to the plaintiff's Complaint, he contends that employees at Prison Enterprises

at LSP failed to provide adequate training to him in the use of the hydraulic press machine and also failed to employ appropriate safety practices. He asserts that "[t]he neglect of Prison Enterprise Supervisors to properly train, inspect, and supervise the operation of these dangerous machines makes them liable for injury."

The plaintiff's claim fails to rise to the level of a constitutional violation. The law is well-settled that prison work requirements may constitute an Eighth Amendment violation when prison officials knowingly compel an inmate to perform physical labor which constitutes a danger to the inmate's life or health. Howard v. King, 707 F.2d 215 (5th Cir. 1983). In analyzing the conduct of state officials, however, the Court applies only minimal constitutional standards as the appropriate criteria, not the standards applicable to private industry or the safety codes utilized by private organizations. Bell v. Wolfish, 441 U.S. 520, 543 at n. 27, 99 S.Ct. 1861, 1876 at n. 27, 60 L.Ed.2d 447 (1979). The determinative question is whether prison officials subjectively knew that the inmate faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Whether the plaintiff received the training or supervision that he feels he should have is not the issue. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence or neglect rise to the level of a constitutional claim. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Rather, the Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is an extremely

high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752 (5th Cir. 2001). As stated in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Initially, with regard to defendants Cain and LeBlanc, the Court finds that the plaintiff has failed to sufficiently allege any personal participation by these defendants in the constitutional violations alleged. In this regard, in order for there to be liability under § 1983, a defendant must have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. Lozano v. Smith, supra.

Applying this standard in the instant case, it does not appear from the plaintiff's allegations that defendants Cain and LeBlanc had any direct participation in the events complained of. The plaintiff does not allege that these defendants were present on the date of the accident

complained of or had any involvement in the training provided to him in connection with his prison job assignment. Nor does the plaintiff allege that either defendant was personally involved in the medical care provided to him after the accident. As the Head Warden at LSP and the Secretary of the Louisiana Department of Public Safety and Corrections, respectively, defendants Cain and LeBlanc clearly stand in only a supervisory role with regard to the operation of the LSP "Tag Plant" or the management of Prison Enterprises and the prison medical department. Accordingly, there does not appear to be any basis for the imposition of liability against these defendants. See Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987) (requiring either a causal connection or personal involvement for a supervisor to be held liable).

Turning to the plaintiff's claim asserted against the "Tag Plant" Supervisor, Frank Rosso, the gist of the plaintiff's claim is that this defendant failed to provide adequate training or appropriate safety programs for inmates operating the referenced machinery. In the Court's view, however, this claim sounds in the nature of a claim of negligence which is not actionable under § 1983. Specifically, there is no indication that defendant Rosso was deliberately indifferent to the plaintiff's health or safety or knowingly assigned the plaintiff to perform labor which the defendant knew posed a substantial danger to the plaintiff's life or health. In fact, the plaintiff refers in his administrative grievance only to the "neglect" of the defendants in failing to provide adequate training or supervision. Moreover, it appears that the plaintiff was in fact aware of the potential danger posed by placing his hand inside the machinery inasmuch as he allegedly instructed a co-inmate to turn the machine off before he did so. He does not allege that the hydraulic press was malfunctioning on the date of the

accident, that safety devices had been removed or disabled, or that he had only recently been given the job of operating the referenced machinery and so was unfamiliar with its use. Accordingly, in the absence of any allegation of knowledge or awareness on the defendant's part that the plaintiff was unable to negotiate the apparently obvious hazard associated with placing his hand inside the machine, the plaintiff's claims sound more in the nature of a claim of negligence which is not actionable under § 1983. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, supra. This conclusion is in keeping with other reported decisions addressing the liability of prison officials where inmates have sustained injury while using dangerous machinery. See Moore v. Campbell, 2002 WL 31016492 (5th Cir., Aug. 14, 2002) (upholding frivolous dismissal of inmate's claim involving injury to his hand sustained while operating an allegedly malfunctioning clothing press); Cooks v. Demerson, 2011 WL 4485920 (N.D. Tex., Sept. 28, 2011) (dismissing inmate's claim of injury to hand from "shoe press" where inmate claimed he had received no more than 3 minutes of training, had not been shown the automatic stop button, and had complained of an inability to safely operate the machine, stating, "defects in ... training of plaintiff, if there were any, would appear to support, at most, a claim of negligence, not deliberate indifference"); Langley v. Byerly, 2006 WL 3761805 (E.D. Tex., Dec. 20, 2006) (dismissing as frivolous inmate's claim of injury to his hand from a saw that inmates had complained was unsafe and was not functioning properly). Accordingly, the Court finds that the plaintiff's claim in this regard is without constitutional basis and must be dismissed.

Finally, the plaintiff apparently complains that he received inadequate medical care or attention at the LSP infirmary after the

accident because, upon being transported to Earl K. Long Hospital, medical personnel at the hospital were unable to re-attach his fingers because "medical staff at Angola" had done nothing to preserve the severed digits. The Court concludes that this claim is not properly before the Court. Although an inmate plaintiff may recover from prison officials under § 1983 when the plaintiff establishes that prison officials have been deliberately indifferent to his serious medical needs, the plaintiff has failed to name as a defendant in this proceeding any prison "medical staff" who allegedly participated in the wrongdoing complained of. Specifically, he does not suggest that Secretary Stalder, Warden Cain or Supervisor Rosso are trained as medical personnel or had any responsibility or involvement in the plaintiff's medical care after the referenced accident. Accordingly, inasmuch as personal involvement by a defendant state employee is a prerequisite for liability under § 1983, and inasmuch as there is no defendant named in this proceeding who is alleged to have provided or failed to provide the plaintiff with appropriate medical attention, this claim fails as a matter of law.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.[1]

Signed in chambers in Baton Rouge, Louisiana, February 1, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915A(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.